UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DYLAN DONALD TALLMAN,

                Plaintiff,

v.

B. BARTELS-ROHRBECK, C. KITHINDI, KEITH JOHNSON, JEREMY BECK, BRIAN GREFF, DAN CROMWELL, and S. NEWCOMB,

                Defendants.

Case No. 20-CV-261-JPS

**ORDER**

Plaintiff Dylan Tallman, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and miscellaneous motions,[1] as well as screens his complaint.

---

[1] Plaintiff's motion for an order to be housed at a different institution, (Docket #11), must be denied because the Court has no authority over an inmate's placement within the state prison system. *See Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985) ("[I]t is unseemly for federal courts to tell a state or city. . . how to run its prison system."). Similarly, Plaintiff's motions for temporary restraining orders, (Docket #12 and #13), will be denied because his allegations concern phone privileges and other small alleged infractions that are within the prison's daily functions. *Id.* Plaintiff's motion to void his global settlement offer, (Docket #18), will be denied as moot because Plaintiff does not need the Court's approval to void his global settlement offer. Additionally, Plaintiff has filed a third motion for a temporary restraining order. (Docket #19). However, the motion does not actually request any relief from the Court. Instead, it provides a narrative of grievances regarding two magazines that are not parties to this litigation. Thus, the Court will deny the motion. Lastly, Plaintiff's motion for a phone conference to discuss his motions, (Docket #10), will be denied as moot since this order addresses his pending motions.

1.   **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 31, 2020, the Court waived Plaintiff's payment of an initial partial filing fee. (Docket #9). The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the $350 filing fee over time in the manner explained at the end of this order.

2.   **SCREENING THE COMPLAINT**

   **2.1   Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that since November 1, 2019, while incarcerated at Dodge Correctional Institution ("DCI"), he was subjected to violations of his Eighth Amendment rights. (Docket #1 at 2). While at DCI, Plaintiff was governed by a behavioral management plan ("BMP") that kept him strapped down to a bed for five days at a time if Plaintiff self-harmed. (*Id.*) All Defendants signed off on the BMP plan. (*Id.*) On November 1, 2019, Plaintiff was strapped down for five days at DCI. (*Id.* at 3). While Plaintiff was strapped down, he was only allowed to unlock and move one limb at a time and was kept flat the entire time. (*Id.*) A nurse put gauze pads under his arms after the chest strap rubbed his skin raw. (*Id.*) Additionally,

Plaintiff was kept in a cold cell and wore small shorts while he was strapped down. (*Id.*) Lastly, Plaintiff alleges that while he was strapped down, he told people that he was not suicidal and begged to get up. (*Id.*)

**2.3 Analysis**

**2.3.1 Deliberate Indifference**

Plaintiff seeks to proceed on an Eighth Amendment right to medical care claim.[2] Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Generously construed, Plaintiff's allegation that his skin was rubbed raw by the straps may be a serious medical condition. Thus, if the Defendants knew about his injury and did nothing about it, they may have been deliberately indifferent.

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Although he was being held at a prison, he claims he has not been charged yet with any crimes because he is not competent to stand trial. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment, and will analyze the claim under that standard. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350–54 (7th Cir. 2018).

Page 4 of 9
Case 2:20-cv-00261-JPS   Filed 11/25/20   Page 4 of 9   Document 20

### 2.3.2 Excessive Force

Plaintiff also seeks to proceed on an excessive force claim. When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Additionally, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Hudson*, 503 U.S. at 4. Moreover, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9. In light of the generous standard of review applicable at the screening stage, the Court concludes that the restraints used on Plaintiff for five days may constitute excessive force.

Additionally, Plaintiff's only allegation of personal involvement for any Defendant in this case is that each signed the BMP. (Docket #1 at 2). Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* However, Defendants, by

signing and approving the BMP that allowed for Plaintiff to be strapped down for days, may have liability for facilitating, approving, and condoning the alleged excess force. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye").

### 3. CONCLUSION

Plaintiff's claims raise a number of questions, including as to the liability of Defendants for signing off on the BMP. The Court is unable to make such determinations at this lenient screening stage. The Court will leave it to Defendants, at the appropriate time, to assert any deficiencies they identify regarding Plaintiff's claims.

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical condition, in violation of the Eighth Amendment, against all Defendants; and

**Claim Two:** The use of excessive force against Plaintiff, in violation of the Eighth Amendment, when Defendants signed off on the BMP that allowed for Plaintiff to be strapped down for days at a time.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a phone conference to discuss his motions (Docket #10) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to be housed at a different institution (Docket #11) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for temporary restraining orders (Docket #12, #13, and #19) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to void his global settlement offer (Docket #18) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants B. Bartels-Rohrbeck, C. Kithindi, Keith Johnson, Jeremy Beck, Brian Greff, Dan Cromwell, and S. Newcomb;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall

forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of

---

[3]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge